10-61-cv
Nieves v. Roberts

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of May, two thousand eleven.

PRESENT:
> ROBERT D. SACK,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

CARMEN NIEVES,

> *Plaintiff-Appellant*,

> v.                                                                          No. 10-61-cv

LILLIAN ROBERTS, individually and as Executive Director of DC 37; CHRIS POLICANO, Individually and as Director, Communications Department, DC 37; BILL SCHLEICHER, Individually and as Editor of Public Employee Press of DC 37; NEW YORK STATE DIVISION OF HUMAN RIGHTS; AMERICAN ARBITRATION ASSOCIATION (AAA); HOWARD C. EDELMAN, as arbitraror for the AAA,

> *Defendants*,

DISTRICT COUNCIL 37 (DC 37) AFSCME, AFL-CIO, an
unincorporated association pursuant to the laws of the
State of New York; FEDERATION OF FIELD
REPRESENTATIVES/MUNICIPAL EMPLOYEES LEGAL SERVICES
ASSOCIATION (FFR/MELSSA),

*Defendants-Appellees.*

FOR APPELLANT:         CARMEN NIEVES, *pro se*, Staten Island, NY.

FOR APPELLEES:         KATHERINE C. GLYNN (Michael B. Golden, *on the brief*),
                       Robinson & Cole LLP, New York, New York (*Counsel for
                       Appellees* District Council 37, *et al.*); ELAINE SMITH, Lewis,
                       Clifton & Nikolaidis, P.C., New York, New York (*Counsel for
                       Appellee* Federation of Field Representatives/Municipal
                       Employees Legal Services Plan).

Appeal from a judgment of the United States District Court for the Southern District of

New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Carmen Nieves, proceeding *pro se*, appeals the district court's judgment

granting the defendants' summary judgment motions in her employment discrimination action.

We assume the parties' familiarity with the underlying facts, the procedural history of the case,

and the issues on appeal.

We review an order granting summary judgment *de novo* and ask whether the district

court properly concluded that there were no genuine issues of material fact and that the moving

party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*,

321 F.3d 292, 300 (2d Cir. 2003). "In determining whether there are genuine issues of material

fact, we are required to resolve all ambiguities and draw all permissible factual inferences in

2

favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. State of N.Y.*, 316 F.3d 93, 100 (2d Cir. 2002).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the district court's judgment for substantially the same reasons stated by the district court in its thorough and well-reasoned decision. Nieves has not sufficiently explained how documents that allegedly were erased by Defendant-Appellant District Council 37 ("DC 37") were relevant to the district court's conclusion that she failed to establish a *prima facie* case of retaliation under Title VII. *See Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 108 (2d Cir. 2001) (noting that, where a party seeks an adverse inference regarding the content of destroyed evidence, "[t]he burden falls on the prejudiced party to produce some evidence suggesting that a document or documents relevant to substantiating [her] claim would have been included among the destroyed files") (internal quotation marks omitted). With respect to Nieves's argument that a conflict of interest existed between DC 37 and her union, the district court correctly concluded that the sharing of certain office-related resources was not sufficient to establish such a conflict. In any event, even if a conflict of interest in fact existed, Nieves has not made the requisite showing that such a conflict results in conduct on the part of the union that is "arbitrary, discriminatory or in bad faith" and "seriously undermine the arbitral process." *Barr v. United Parcel Serv., Inc.*, 868 F.2d 36, 43 (2d Cir. 1989) (internal quotation marks and alternations omitted).

We have considered Nieves's other arguments on appeal and have found them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4